# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**JAMES CURRY, JR.**                                                                                      **PETITIONER**

**v.**                                                                                                      **No. 1:13CV149-SA-DAS**

**JUDGE POUNDS, ET AL.**                                                             **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of James Curry, Jr. for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has responded to the petition; Curry has replied, and the parties have supplied additional briefing. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be dismissed under the doctrine of procedural default.

### Facts and Procedural Posture

James Curry, Jr. is in the custody of the Mississippi Department of Corrections and currently housed as the Mississippi State Penitentiary in Parchman, Mississippi. He is serving sentences for convictions out of both Lee and Monroe County Circuit Courts. In the instant case, however, Curry challenges only his Lee County sentence. In his petition, Curry references two convictions: Lee County Circuit Court Cause Numbers CR09-591 and CR08-348. The Lee County kidnapping charge in No. CR09-591 was retired to the files on October 31, 2012. Curry was not convicted in that case; as such, there is nothing to be challenged on federal *habeas corpus* review.

On October 31, 2012, Curry also pled guilty to "possession of cocaine greater than 0.1 gram but less than 2 grams" in *Count I* of Cause No. CR08-348 – and was sentenced to a term of eight years in the custody of the Mississippi Department of Corrections, to run concurrently with his sentence in Monroe County Cause No. CR06-040. That same day, *Count II* of Cause No. CR08-348 was retired

to the files.

On January 29, 2013, Curry filed a petition for post-conviction collateral relief in Lee County Circuit Court Cause No. CV13-029, challenging his plea and sentence in Count I of Cause No. CR-08-348. On March 7, 2013, the Lee County Circuit Court denied Curry's petition. Curry did not file a notice of appeal of the denial of post-conviction collateral relief in Cause No. CV13-029.

On August 7, 2013, Curry filed the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his Lee County plea and sentence in Cause No. CR08-348, raising the following grounds for relief (as summarized by the court):

Ground One: Curry was denied ineffective assistance of counsel.

Ground Two: Lee County did not seek Curry to be returned from custody on other charges to face the Lee County charges.

Ground Three: Curry's right to a speedy trial was violated.

Ground Four: Curry was denied a psychological evaluation by his own doctor rather than a court appointed doctor.

ECF doc. 1.

**The Doctrine of Procedural Default**

If an inmate seeking *habeas corpus* relief fails to exhaust an issue in state court – and no more avenues exist to do so – under the doctrine of *procedural default* that issue cannot be raised in a federal *habeas corpus* proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). A petitioner may, however, overcome the procedural default by showing cause for it – and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief in state court. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). To establish prejudice, a

petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003). Even if a petitioner fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default by showing that application of the default would result in a fundamental miscarriage of justice. To show that such a miscarriage of justice would occur, a petitioner must prove that, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). Further, he must support his allegations with new, reliable evidence – that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

Curry never appealed the circuit court's denial of state his post-conviction motion; as such, under state law, he has forgone his opportunity to present his claims to the Mississippi Supreme Court. Miss. Code Ann. § 99-35-101. Curry not presented his claims to the state's highest court; thus the Mississippi Supreme Court never had a fair opportunity to pass on them. In addition, the deadline for pursuing an appeal has long expired. As such, Curry may not present these claims for federal *habeas corpus* review, and they must be dismissed with prejudice. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999) (citing *Coleman v. Thompson,* 501 U.S. 722, 731-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

In addition, Curry has not shown "cause" under the "cause and prejudice" test for the court to overcome the procedural bar to reach the merits of the claims, as no external impediment existed to prevent him from appealing the denial of his post-conviction motion. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). Curry filed additional briefing with this court in an attempt to show that staff

with the Mississippi Department of Corrections Inmate Legal Assistance Program ("ILAP") frustrated his attempts to appeal the trial court's denial of his application for post-conviction collateral relief.[1] This argument is without merit.

Curry pled guilty to the possession of cocaine charge on October 31, 2012. Curry pled guilty; as such, he could not pursue a direct appeal of his conviction or sentence. *See* Miss. Code Ann. § 99-35-101. Curry then filed an application for post-conviction collateral relief in the trial court on January 29, 2013; the court denied the motion on March 7, 2013. The deadline for Curry to file a notice of appeal was April 8, 2013[2] (30 days after the trial court entered final judgment). Miss. R. App. P. 4(a). Thus, the time period relevant to Curry's claim that ILAP staff interfered with his ability to appeal the denial of post-conviction collateral relief spanned from March 7, 2013 to April 8, 2013 (the time during which Curry could have pursued a direct appeal). The only document Curry has presented referring to the period in question is the Second Step Response Form to Administrative Remedy Program grievance number EMCF 13 – 1469. ECF doc. 12, p. 16. In that grievance, Curry complains that he did not receive adequate assistance regarding a February 14, 2013, request for legal assistance. The grievance reveals that Curry arrived at the East Mississippi Correctional Facility on February 13, 2013 (prior to the trial court's ruling on post-conviction relief). He filed his request for legal assistance the next day. Curry was then transferred to the Central Mississippi Correctional Facility a week later on February 21, 2013 (again, prior to the trial court's post-conviction relief ruling). The trial court denied Curry's motion for post-conviction relief on March 7, 2013 (while

---

[1] Most of Curry's additional briefing was a rambling affair having no connection with the issue of procedural default in this case. The court has sifted through Curry's submissions and included only the dates and facts relevant to this issue.

[2] Adding 30 days to March 7, 2013, yields a date of April 6, 2013, which fell on a Saturday; as such, the deadline became April 8, 2013, the next business day.

Curry was housed at the Central Mississippi Correctional Facility). Curry was moved back to the East Mississippi Correctional Facility on March 25, 2013, prior to the April 8, 2013, deadline to appeal the trial court's ruling on post-conviction relief.

In addition, Curry has provided various pages of the prison mail log; however, none contains an entry close in time to the relevant period (March 7, 2013 to April 8, 2013). The court has also reviewed Mr. Curry's submissions to the Mississippi Supreme Court on its website, and the first document he filed there was a "Motion to Appellat to the United State Supreme Court." *See Curry v. State of Mississippi*, 2013-M-01853 (Motion filed November 1, 2013). As that motion was filed nearly 6 months after the appellate deadline, it was submitted far too late to be relevant to this case. In addition, its substance has little, if any relevance to the issues in this case. The only other filing in Curry's Mississippi Supreme Court case was a motion for reconsideration of the first motion, which is likewise irrelevant. *Id.*, (motion filed March 25, 2014). The information Curry has provided does not reveal any attempt by the Inmate Legal Assistance Program staff to hamper Curry's efforts to seek an appeal. Put simply, Curry has never filed an appeal of the trial court's denial of post-conviction collateral relief. Therefore, he has not shown cause for his failure to seek an appeal of the trial court's denial of post-conviction relief.

As Curry has not shown cause for his default (failing to appeal), the court need not consider whether there is actual prejudice from the court's application of the default (declining to review the merits of Curry's claims). *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996). Further, Curry has not shown that a fundamental miscarriage of justice would occur should the court decline to address the merits of his claims, as he has not provided new and reliable evidence, not available at trial, that would prove that, more likely than not, no reasonable juror could have voted to convict him in light of the

new evidence. *Fairman,* 188 F.3d at 644 (citations omitted). As such, all of his claims must be dismissed under the doctrine of procedural default.

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed under the doctrine of procedural default. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 30th day of April, 2015.

*/s/ Neal Biggers*
NEAL B. BIGGERS
U. S. DISTRICT JUDGE